# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **DARRELL BICE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CASE NO.:** |
| | ) |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## NOTICE OF REMOVAL

COMES NOW, Defendant UPS Grounds Freight, Inc., d/b/a UPS Freight (hereinafter "UPS Freight"), incorrectly named as United Parcel Service, Inc. in the above-referenced lawsuit, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes this action filed by Plaintiff Darrel Bice in the Circuit Court of Calhoun County, Alabama to the United States District Court for the Northern District of Alabama, Eastern Division.  In support of this Notice, Defendant UPS Freight shows the following:

### A.   PROCEDURAL BACKGROUND

1.   Any civil case filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

2.   This action was commenced by Plaintiff on September 3, 2020, in the Circuit Court of Calhoun County, Alabama, Case No. 11-CV-2020-900459.00.  The documents attached hereto as **Exhibit A** constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3.   Defendant UPS Freight was served with process by certified mail on September 9, 2020. This Notice of Removal is filed in the United States District Court for the Northern District

of Alabama, Eastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1441(b).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant UPS Freight is filing a copy with the Clerk of the Circuit Court for Calhoun County, Alabama as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6. For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

7. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

8. Plaintiff is a citizen of the State of Alabama. (See Ex. A – Complaint at ¶ 1, pg. 1).

9. Defendant UPS Freight's state of incorporation is the State of Virginia, and its principal place of business is located in Richmond, Virginia. Thus, Defendant UPS Freight is a citizen of the State of Virginia.

10. Defendant UPS Freight is a wholly owned subsidiary of United Parcel Service, Inc., which is a publicly traded company.

11. Plaintiff's Complaint also includes allegations against fictitious parties. However, for purposes of removal, the citizenship of fictitious party defendants is disregarded. 28 U.S.C. § 1441(b)(1). *See also Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011).

12. Accordingly, the parties are completely diverse in accordance with 28 U.S.C. § 1332.

### C. THE AMOUNT IN CONTROVERSY

13. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. Plaintiff's Complaint alleges that Plaintiff suffered bodily injury, pain and suffering, mental anguish, and medical expenses, and that he will continue to incur these losses in the future, as a result of an accident that occurred in or about the last week of September 2018 on his property in Jacksonville, AL, and that involved unloading multiple mahogany doors. (See Ex. A – Complaint at ¶¶ 11 and 14).

15. Plaintiff claims he was injured as a result of the negligence and/or wantonness of an unnamed Defendant UPS Freight employee. (See Ex. A – Compl. at ¶¶ 3-11 3 in Count I, on pp. 1-2). Plaintiff asserts respondeat superior liability against Defendant UPS Freight as a result of its alleged agent's actions. (See Ex. A – Compl. at ¶ 16, on p. 5).

16. Plaintiff further alleges that Defendant UPS Freight negligently and/wantonly hired, trained, and/or supervised its alleged agent, and that said negligent and/or wanton hiring, training, and/or supervision on the part of Defendant UPS Freight caused the injuries to Plaintiff described in paragraph 13 above. (See Ex. A – Compl. at ¶¶ 18-20, on p. 6).

17. Plaintiff's Complaint further states that Plaintiff is entitled to compensatory and punitive damages. (See Ex. A – Compl., *ad damnum* clauses following ¶ 11 in Count I, on p. 3; ¶ 14, on p. 5; ¶ 16, on p. 5; and ¶ 20, on p. 6).

18. The actual amount in controversy is specifically defined because Plaintiff did not list a specific amount sought in his Complaint. However, the Complaint clearly seeks the recovery of punitive damages and claims Plaintiff has sustained significant injuries and will continue to suffer from his injuries, both physical and mental, into the future.

19. According to recent decisions in the Northern District of Alabama, Plaintiff's Complaint, which asserts claims of negligence and wantonness and alleges physical, emotional, and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any

entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more.  Otherwise, a plaintiff will find herself in a federal court…").

20. In *Bush*, *supra,* this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322.  Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id*. at 1318.  In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319.  "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

21. In the present case, Defendant UPS Freight denies liability to Plaintiff in any amount but does not dispute that the amount in controversy exceeds $75,000.00.

22. Based upon the above-cited authorities, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

23.     As mentioned above, the filing of this Notice of Removal is within thirty (30) days from the date Defendant UPS Freight was served with the Summons and Complaint and, therefore, is timely.  *See* 28 U.S.C. § 1446(b).

### D.    CONCLUSION

24.     All procedural requirements with respect to timing, diversity of citizenship and amount in controversy have been satisfied, and removal is therefore proper.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant UPS Freight prays this cause, now pending before the Circuit Court of Calhoun County, Alabama, be removed to the United States District Court for the Northern District of Alabama, Eastern Division.

Respectfully submitted this the 25th day of September, 2020.

*/s/ Jeffrey G. Miller*
Brett A. Ross          ASB-6771-O76B
Jeffrey G. Miller      ASB-2236-J53M
Attorneys for Defendant UPS Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email: bross@carrallison.com
       jmiller@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of September, 2020, I have served a true and correct copy of the above and foregoing Notice of Removal on counsel for all represented parties by:

      _____ Facsimile transmission;
      _____ Hand Delivery;
      _____ Email;
      __X__ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
      _____ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Thomas W. Harmon
Brooks, Harmon & Johnston, LLC
P.O. Box 67
Anniston, AL 36202
harmontom@bellsouth.net
(Plaintiff's Counsel)

      */s/ Jeffrey G. Miller*
      OF COUNSEL